**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CRIMINAL NO. 24-CR-0120-REW-MAS**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**V.** **<u>GOVERNMENT'S SENTENCING MEMORANDUM</u>**

**VICTORIAN VALDIMAR HARDAWAY** **DEFENDANT**

* * * * *

Comes the United States of America and submits the following sentencing memorandum to be considered by the Court.

A court when imposing a defendant's sentence is guided by *United States v. Booker*, 543 U.S. 220 (2005) decision and the factors set forth in 18 U.S.C. § 3553(a). Under this framework, the court is to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth therein." While the Court has the discretion to impose a sentence in variance of the advisory guidelines, there is no reason to do so here. The United States respectfully requests the Court to impose a sentence of 144 months for Counts 1 and 7 and 60 months for Counts 6 and 9 which must be imposed consecutively to each other and any other Counts.

## § 3553(a) FACTORS

Defendant Hardaway has an extensive criminal history that began with contacts with law enforcement at the age of 13 years old and commenced his involvement with assaults and domestic violence. At age 15, he was charged with assaulting his mother and at age 26, three incidents of Assault (two involving domestic violence). At 18 years old an Armed Robbery charge and a conviction for Carrying a Concealed Weapon and Marijuana possession at age 20. His involvement with drug crimes continued at 22 and 24 with Marijuana possession and escalating to Trafficking Heroin at 24 years of age. Although initially probated, he was unsuccessful on probation and twice served jail sentences for probation violations. At 25, convicted of violation of E.P.O./D.V.O.; at 26, Assault 4th Degree, a year later at 27, multiple Assault 4th Degree (Domestic Violence) convictions, exacerbated by Intimidating a Participant in the Legal Process and Terroristic Threating. At age 30, convicted of Fleeing and Evading Police after they responded to another assault involving a firearm related to a domestic partner and his mother. Despite being on probation, he continued to engage in drug activities resulting in his arrest and conviction for the current charges.

The nature and circumstances of this offense are very serious. Hardaway had access to methamphetamine, fentanyl, cocaine, and Xanax suppliers which he distributed to others in substantial amounts. Again, while on probation, he carried and had access to multiple firearms during drug transactions and at the apartment where he resided and stored of his drugs, firearms, drug proceeds, and drug paraphernalia.

Even though Hardaway obtained his GED, he has no sustained or verifiable employment as an adult. As noted above, the history and characteristics of Hardaway portray a life of anger; violence toward others, especially women; and possession and use of firearms. Furthermore, he criminal history demonstrates that he has shown very little respect for the law and the Courts efforts to enforce the law.

As a result, the Court should impose a sentence that will promote respect for the law, afford adequate deterrence for him and others and protect the public from the further crimes of Hardaway, particularly his propensity to engage in assaults, possession of firearms, and drug related crimes.

The United States respectfully requests that the Court impose a sentence of 144 months for Counts 1 and 7 and 60 months for Counts 6 and 9 which must be imposed consecutively to each other and any other Counts to protect the public, deter the defendant and others. A sentence below this recommendation will likely have little impact in changing his lifelong involvement in criminal activities or protecting the public. While the United States is hopeful that the sentence will also promote respect for the law, Hardaway's history toward those who have cared for him and his children and provided

housing to him, demonstrates that it is unlikely, realistically, but it will protect the public.

Respectfully submitted,

JASON D. PARMAN
UNITED STATES ATTORNEY

By: s/ Ron L. Walker, Jr.
Ron L. Walker Jr.
Aubrey Girouard
Assistant United States Attorney
260 W. Vine Street, Suite 300
Lexington, Kentucky 40507
Office (859) 685-4889
Facsimile (859) 233-2658
Ron.Walker@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2026, I electronically filed the foregoing using the CM/ECF system, which will send a notice of electronic filing to all parties of record or service was completed by first class mail to any non-CM/ECF participants.

By: s/ Ron L. Walker, Jr.
Ron L. Walker, Jr.
Assistant United States Attorney